IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ARREDONDO-VIRULA,<br><br>    Petitioner,<br><br>v.<br><br>NEIL H. ADLER,<br><br>    Warden.<br>_____ | No. 1:09-CV-02049-AWI-SKO<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING THE BUREAU OF PRISONS TO REINSTATE TO PETITIONER TWENTY-SEVEN DAYS OF GOOD TIME CREDIT** |

Petitioner Oscar Arredondo-Virula (Petitioner Arredondo) is a Federal Prisoner who filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. Petitioner Arredondo requested the restoration of good-time credits that were taken away after a prison disciplinary hearing. This Court denied Petitioner Arredondo's petition.

Petitioner Arredondo then appealed to the Ninth Circuit Court of Appeals. In its Memorandum Decision <u>Arredondo-Virula v. Adler</u>, No. 10-17654 (9th Cir. Feb. 26, 2013), the Ninth Circuit determined that Curtis Logan, the person who imposed the discipline, was not an employee of the Bureau of Prisons ("BOP") or Federal Prison Industries, Inc. The Ninth Circuit found that the applicable regulation in place required that only "institution staff" could take any disciplinary action. The Ninth Circuit held that because Curtis Logan did not meet the definition of "institution staff", he could not impose any disciplinary action. The Ninth Circuit concluded its Memorandum Opinion by stating as

follows:

> We VACATE the district court's judgment dismissing Arredondo's habeas petition and REVERSE. As time is important in this case, we ask the district court, without delay and with no further briefing, to GRANT the petition and REINSTATE Arredondo's twenty-seven days of lost good-time credit. No petitions for re

Pursuant to the Ninth Circuit's Memorandum Decision, the Court orders that:

1. The Clerk of the Court SHALL re-open this action;
2. The petition for writ of habeas corpus brought under 28 U.S.C. § 2241 is GRANTED;
3. The Bureau of Prisons SHALL REINSTATE to Petitioner Arredondo the lost twenty-seven days of good-time credits; and
4. The Clerk of the Court is DIRECTED to enter judgement in favor of Petitioner Arredondo.

IT IS SO ORDERED.

Dated:   February 28, 2013

SENIOR  DISTRICT  JUDGE